# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMEG CORP., a Delaware Corporation,<br><br>    Petitioner,<br><br>vs.<br><br>SUNIL PATEL, an individual,<br><br>    Respondent. | Civil Action No. 1:20-mc-00111-CFC |

### PETITIONER IMEG CORP.'S MOTION FOR AN ORDER APPROVING THE AMOUNT OF ITS REASONABLE ATTORNEYS' FEES AND EXPENSES

**OF COUNSEL:**

**DAVIS WRIGHT TREMAINE LLP**

John P. LeCrone (CA No. 115875),
admitted *pro hac vice*
Scott Commerson (CA No. 227460),
admitted *pro hac vice*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800
Email: johnlecrone@dwt.com
Email: scottcommerson@dwt.com

**PRICKETT, JONES & ELLIOTT, P.A.**

Mary S. Thomas (DE No. 5072)
1310 North King Street
Wilmington, Delaware 19801
Tel: (302) 888-6500
Email: msthomas@prickett.com

*Attorneys for Petitioner IMEG Corp.*

Petitioner IMEG Corp., by and through its undersigned counsel, hereby moves the Court for approval of the specific amount of attorneys' fees and expenses it is entitled to receive from Respondent Sunil Patel and his California counsel, Richard J. Frey (and his firm Epstein Becker & Green, P.C.), pursuant to the terms of the Court's Order dated January 19, 2021 granting IMEG's Petition to Compel Arbitration and Motion for Rule 11 Sanctions (the "Order") (D.I. No. 36).

In the Memorandum Opinion accompanying the Order, the Court ordered Patel "to pay IMEG's reasonable fees and costs incurred in bringing and litigating the Petition." (Mem. Op., D.I. No. 35 at p. 23.) Additionally, the Court granted IMEG's Rule 11 Motion and ordered Frey and his firm to pay IMEG sanctions in "an amount equal to the reasonable attorneys' fees and expenses IMEG incurred in filing and briefing its petition." (*Id.* at p. 27.)

As detailed in the accompanying statement of compliance with Local Rule 7.1.1, the parties have conferred in an attempt to resolve their disputes on this matter without Court intervention, but have been unable to reach agreement regarding the appropriate amount of fees and expenses due to Petitioner.

Unfortunately, the parties have been unable even to narrow the scope of their disputes. As a result, there are three primary issues before the Court: (1) whether the sanctions portion of the Order includes the fees and expenses IMEG incurred in conjunction with motion practice before the American Arbitration Association

("AAA"); (2) whether the sanctions portion of the Order includes the fees IMEG incurred in litigating the Rule 11 Motion itself; and (3) with respect to each category of fees the Court finds encompassed by the Order (as sanctions or otherwise), whether IMEG's fees and expenses are "reasonable."

From Patel, IMEG seeks only the fees and costs reasonably incurred in filing and briefing the Petition to Compel Arbitration ($97,706.52).  From Mr. Frey and the Epstein Becker firm, IMEG seeks those fees reasonably incurred in filing and briefing the Petition to Compel Arbitration (in the same amount sought from Patel)[1] plus (a) the fees reasonably incurred in briefing Patel's objection to jurisdiction before the American Arbitration Association ("AAA") (limited to those fees incurred in what should have been unnecessary briefing of the issue of AAA jurisdiction and arbitrability, a total of $8,140), and (b) fees and costs reasonably incurred in filing and briefing IMEG's Rule 11 Motion for Sanctions ($57,854.50).

AAA-Related Amounts.  As explained in the Court's Memorandum Opinion, Frey and the Epstein Becker firm "effectively pulled a bait and switch on the California district court," "played fast and loose in two federal courts[,] and deceived

---

[1] The Court noted that the ruling means that IMEG will "effectively recover double the amount of its fees and costs" but determined that this is necessary "given the gravity of the conduct, the need to deter such conduct, the fact that the conduct was directed at two federal courts, and the fact that IMEG filed its original complaint in California in May 2019 and still has not been able to litigate the merits of its claims against Patel, all because of the abusive tactics employed by Frey and his firm." (Mem. Op. at p. 28.)

3

an arbitrator with blatant misrepresentations." (Mem. Op. at pp. 24-25, 27.) In light of these findings, IMEG believes the Court intended to include the AAA-related fees in the sanctions award portion of the Order.

Rule 11-Related Amounts. IMEG was forced to bring its Rule 11 Motion as a direct result of Frey and the Epstein Becker firm's abusive conduct. After IMEG filed its Petition, Frey and the Epstein Becker firm continued their abusive conduct and "opposed IMEG's petition in this Court based on positions that cannot be reconciled with the arguments they made to the California court." (Mem. Op. at p. 25.) Furthermore, as the Court noted, Frey and the Epstein Becker firm carried on with their abusive conduct even after IMEG filed its Rule 11 Motion, filing a response which "confirm[ed] the need for sanctions." (*Id.*)

The Rule 11 Motion was necessary to shed light on Frey and the Epstein Becker firm's gamesmanship and blatant misrepresentations. In light of the Court's Memorandum Opinion explaining the egregious nature of Frey and his firm's conduct—which has delayed adjudication of IMEG's claims since July 2019, when the California district court issued its order—IMEG believes the Court intended to award IMEG its fees and costs in bringing the Rule 11 Motion.

Petition-Related Amounts. Patel and his counsel have tacitly conceded that the Order includes the reasonable fees and costs IMEG incurred in bringing and litigating the Petition to Compel Arbitration. Despite having been provided with a

4

detailed breakdown of IMEG's fees and expenses, neither Patel nor his counsel have agreed to pay any amounts.

IMEG's Requested Fees and Expenses Are Reasonable.  In calculating reasonable attorney's fees, courts generally employ the "lodestar" approach. *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir.2000). "The Third Circuit has defined the lodestar method as the initial estimate of a reasonable attorney's fee ... properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Student Pub. Interest Research Grp. v. AT & T Bell Labs.*, 842 F.2d 1436, 1441 (3d Cir.1988). "A reasonable hourly rate is determined by prevailing market rates in the community." *Foltz v. Delaware State University*, 70 F.Supp.3d 699, 703-704 (D. Del. 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)). "A prevailing market rate is the rate 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Missouri v. Jenkins*, 491 U.S. 274, 286 (1989)).

IMEG submits with this motion the Declarations of John P. LeCrone and Mary S. Thomas, which detail the fees and expenses incurred by IMEG.  As set forth in those Declarations, all requested fees and expenses have been incurred by IMEG and were deemed prudent and appropriate by experienced counsel.  Furthermore, as set forth in the Declarations, the rates charged by counsel are reasonable compared

5

to the prevailing market rates in the community (whether that community is defined as Wilmington, Delaware or Los Angeles, California). IMEG additionally submits with this motion the Declaration of Brian Fanning, Davis Wright Tremaine LLP's ("DWT") Director of Client Services and Pricing, which details the reasonableness of DWT's hourly rates as compared to prevailing market rates.

For the foregoing reasons, IMEG respectfully requests that the Court grant this motion and approve the specific amount of IMEG's fees and expenses included in the Order–$97,706.52 from Patel and $163,701.02 from Frey and his firm.

Respectfully submitted this 9th day of February, 2021.

| OF COUNSEL: | **PRICKETT, JONES & ELLIOTT, P.A.** |
|---|---|
| **DAVIS WRIGHT TREMAINE LLP** | /s/ *Mary S. Thomas* |
| | Mary S. Thomas (DE Bar No. 5072) |
| John P. LeCrone (CA No. 115875) | 1310 North King Street |
| (admitted *pro hac vice)* | Wilmington, Delaware 19801 |
| Scott Commerson (CA No. 227460) | Tel: (302) 888-6500 |
| (admitted *pro hac vice*) | Email: msthomas@prickett.com |
| 865 South Figueroa Street, 24th Floor | |
| Los Angeles, California 90017-2566 | *Attorneys for Petitioner IMEG Corp.* |
| Tel: (213) 633-6800 | |
| Email: johnlecrone@dwt.com | |
| Email: scottcommerson@dwt.com | |

6