IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMEG CORP., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Misc. No. 20-111-CFC |
| | ) |
| SUNI PATEL, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM ORDER**

Pending before me is Petitioner IMEG Corp.'s Motion for an Order Approving the Amount of Its Reasonable Fees and Expenses. D.I. 39. IMEG seeks by its motion $97,706.52 from Respondent Sunil Patel and $163,701.02 from Patel's California counsel, Richard J. Frey (and his firm Epstein Becker & Green, P.C.), to satisfy the awards I imposed in an Order issued on January 19, 2021 that granted IMEG's Petition to Compel Arbitration and Motion for Rule 11 Sanctions. D.I. No. 36.

Paragraph two of the January Order required Patel to pay IMEG the "reasonable attorneys' fees and costs [IMEG] incurred *in filing and briefing its Petition to Compel Arbitration*." D.I. 36 ¶ 2 (emphasis added). Paragraph six of the Order required Frey and Epstein Becker to pay IMEG "an amount equal to IMEG's reasonable attorneys' fees and costs *incurred in filing and briefing*

*IMEG's Petition." Id.* ¶ 6 (emphasis added). I also stated in the Memorandum Opinion that accompanied the Order that: "I will order [Patel] to pay IMEG's reasonable fees and costs *incurred in bringing and litigating the Petition,*" D.I. 35 at 23 (emphasis added); "I find that the appropriate sanction in this case is for Frey and his firm to pay IMEG an amount equal to the reasonable attorneys' fees and expenses *IMEG incurred in filing and briefing its Petition,*" *id.* at 27 (emphasis added); and "I recognize that this ruling means that IMEG will effectively recover double the amount of its fees and costs, since I have determined that Patel must personally pay *IMEG's fees and costs to bring the Petition,*" *id.* at 28 (emphasis added).

Notwithstanding this unambiguous language, IMEG has sought an award amount to cover not only its fees and costs incurred in litigating its Petition, but also "the fees and expenses IMEG incurred in conjunction with motion practice before the American Arbitration Association" and the fees IMEG incurred in litigating its Rule 11 motion. D.I. 39 at 2–3. The irony that IMEG elected to ignore the clear and repeated language of the Order and Memorandum Opinion when it made its request for approval of the amount of an award imposed to sanction bad attorney behavior is not lost on me.

I will approve an award of $89,776.52 to be paid by Patel and $89,776.52 to be paid by his counsel. I will do so because IMEG's counsel told Patel's counsel

in a letter dated January 28, 2021 that IMEG incurred $89,776.52 in bringing and litigating the Petition to Compel Arbitration. D.I. 47 Ex. A at 2. IMEG represents in its motion that it incurred $97,706.52 in bringing and litigating the Petition. It says it inadvertently failed to include in the $89,776.52 sum recited in its January 28, 2021 letter $7,930 IMEG incurred to make and prepare for an oral argument I held on January 14, 2021. D.I. 47 Ex. C at 1. That oral argument, however, addressed IMEG's Rule 11 motion, not the Petition. *See* Oral Order January 11, 2021 ("The Court will hear oral argument by telephone on Petitioner's motion for sanctions on Thursday, January 14 at 2:00 p.m.").

NOW THEREFORE, at Wilmington on this Fourth day of March in 2021, it is HEREBY ORDERED that:

1. Petitioner IMEG Corp.'s Motion for an Order Approving the Amount of Its Reasonable Fees and Expenses (D.I. 39) is DENIED IN PART AND GRANTED IN PART;

2. Respondent Patel shall pay IMEG $89,776.52 no later than March 12, 2021; and

3. Attorney Richard Frey and the firm of Epstein Becker & Green P.C. shall pay IMEG $89,776.52 no later than March 12, 2021.

_____
United States District Judge